ENTERED AUG 0 8 2014

STATE OF MAINE

LINCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-001
SKS-UN-02-27-01

PRIOR MORRELL,

    Plaintiff/Appellant

v.

                    **DECISION ON
                    STATUTORY APPEAL**

BOARD OF SELECTMEN,
TOWN OF WISCASSET,

    Defendant/Appellee

This matter came on for hearing before the court on the plaintiff's appeal of a decision of the defendant denying the plaintiff access to a specific piece of correspondence from the town's attorney to the First Selectman. The action is brought pursuant to the Freedom of Access Law, specifically 1 M.R.S.A. § 409. Although entitled an "appeal" in the statute, the court must conduct a trial de novo and determine whether the defendant's denial of access to the record was for a just and proper cause, the burden of proof falling on the defendant. *Springfield Terminal Railway Co. v. Dep't of Transportation*, ME , 754 A.2d 353. Such trial was conducted and the court has fully considered the testimonial and other evidence presented at that hearing.

## Background

On January 5, 2001, Mr. Morrell wrote to First Selectman Benjamin Rines, Jr. of the town of Wiscasset, requesting the following, "Please provide a copy to me of the tax payer funded legal opinion regarding 'Conflict of Interest' pertaining to Mr.

1

D. Thompson using proprietary information from Liberty Group for potential personal gain." On January 8, 2001, Selectman Rines responded to Mr. Morrell acknowledging that legal advice had been requested from the town attorney but denying the request for a copy of the letter on the theory that it is not a public record. Mr. Morrell then brought this timely appeal. At hearing, the court conducted an *in camera* inspection of the requested document.

## Discussion

The town argues that it was correct in denying access to the letter from the town attorney to the First Selectman on two theories. First, pursuant to 1 M.R.S.A. § 402(3)(B), the town argues that the letter is entitled to the attorney/client privilege against discovery or use as evidence, as set forth in M.R. Evid. 502. Second, the town argues that the document is one which has been designated confidential by statute in 30-A M.R.S.A. § 2702.

With regard to the lawyer-client privilege, the privilege has a specific exception which denies the privilege between public officers or agencies and their lawyers unless the communication concerns a <u>pending</u> investigation, claim or action and it is determined that disclosure would seriously impair the conduct of that investigation or proceeding. Based on the testimony of the First Selectman, the Board has considered the factual allegations and no further action is anticipated. Therefore, there is no pending investigation or proceeding which could be seriously impaired by disclosure of the document.

With regard to the municipal employee record confidentiality argument,

2

certain records of municipal employees are declared confidential and not open to public inspection by statute. 30-A M.R.S.A. § 2702(1)(B). The question which remains is whether the subject of the document is an identifiable municipal employee. In the present case, the subject of the document did perform certain services for the town in his capacity as Town Planner, but it is unclear whether he did so as an employee or as an independent contractor. According to the testimony of the First Selectman, the individual began performing these services as an independent contractor, but his position has evolved over the years. The witness was unclear as to what the product of the evolution has been. On the one hand, the town planner receives a total annual compensation divided into monthly payments and answers to the Board of Selectmen. Such manner of compensation or reporting is not inconsistent with being an independent contractor. On the other hand, as noted, the individual began as an independent contractor and his name does not appear any where on the town payroll listed in the 1999 Annual Report of the town. Therefore, the court is not satisfied that the individual who is the subject matter of the correspondence is in fact a municipal employee and that the document is entitled to the statutory confidentiality allowed to municipal personnel records.

Since the town has failed to satisfy the court that its denial to release the document was for just and proper cause, judgment will be entered for Mr. Morrell. The entry will be:

(1) After trial de novo, the appeal is GRANTED and judgment will be entered for the plaintiff/appellant.

(2) The defendant/appellee shall provided the appellant with

3

a copy of the document at issue within 10 working days of the date of this decision. The original of the document, which was introduced in evidence as defendant's exhibit no. 1, will remain a sealed exhibit in the record.

Dated: 2/27/01

S. Kirk Studstrup
Justice, Superior Court

4